43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EXPORTADORA DE SAL, S.A. DE C.V. a foreign corporation,
Plaintiff-Appellant,
v.
TRAVELERS INDEMNITY COMPANY, et al., Defendant-Appellee. (Two Cases)
 Nos. 93-55817, 93-56271.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1994.
Decided Dec. 14, 1994.
 
 Before: WIGGINS, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. The district court correctly concluded that the umbrella policy provided no coverage for the plane in question. Because contractual language that's clear and explicit governs, and is read in light of the "ordinary and popular sense" of the words, the "chartered aircraft" exclusion applies to the plane hired by Exportadora. AIU Ins. Co. v. Superior Court, 274 Cal.Rptr. 820 831 (1990); Bank of the West v. Superior Court, 833 P.2d 545, 551-52 (Cal.1992); Cal.Civ.Code Sec. 1644; Smith v. Hughes Aircraft Co., 10 F.3d 1448, 1452 (9th Cir.1993) (applying AIU to an exclusion clause). The entire plane was devoted to transporting Exportadora's passengers, which distinguishes this case from State Mut. Life Assur. Co. v. Dorsey, where only some seats were hired on a regularly scheduled commercial flight. 357 F.2d 600, 602 (5th Cir.1966).
 
 
 3
 The exclusion was sufficiently plain and conspicuous because it was located under a bold-faced heading, "Exclusions," and appeared in print of the same size and type used elsewhere in the policy. See National Ins. Underwriters v. Carter, 551 P.2d 362, 365 (Cal.1976).
 
 
 4
 2. Exportadora's fraud claims were properly dismissed because they were not pled with the specificity required by Fed.R.Civ.P. 9(b), which applies to "all averments of fraud," including allegations of fraudulent concealment. See Moore v. Kayport Package Express, Inc., 885 F.2d 531 (9th Cir.1989); Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd., 185 F.2d 196, 209 (9th Cir.1950).
 
 
 5
 3. The contract provides that Exportadora is not entitled to reimbursement for voluntarily-incurred pre-tender litigation expenses, and California courts have consistently honored such provisions. See Northern Ins. Co. v. Allied Mut. Ins. Co., 955 F.2d 1353, 1360 (9th Cir.1992). This isn't a case where a short time-frame forced Exportadora to defend the underlying actions before it could possibly identify the insurer. See id. Exportadora's alleged reliance on Goodenough's representations do not make the defense costs incurred over three years "involuntary."
 
 
 6
 4. Counsel appointed by the insurer to defend an action against an insured does not have a conflict of interest merely because the insurer reserves the right to deny coverage or because the insured is sued for an amount in excess of policy limits. See Cal.Civ.Code Sec. 2860(b); San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc., 208 Cal.Rptr. 494 (Cal.Ct.App.1984). The outcome of the underlying cases was irrelevant to the interpretation of the chartered aircraft exclusion, on which coverage under the umbrella policy turns. Counsel in the underlying cases could not have affected the outcome of the coverage dispute, so his representation cannot have been compromised by that objective. See Cal.Civ.Code Sec. 2860(b); Blanchard v. State Farm Fire & Casualty Co., 2 Cal.Rptr.2d 884, 887 (Cal.Ct.App.1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3